# IN THE MATTER OF L. ORTIZ & COMPANY, VOLUNTARY BANKRUPTS.

---

San Juan, Bankruptcy, No. 217.

RE DISMISSAL OF VOLUNTARY PETITION.

Proof of Claim—Compromise.
    1. In a proceeding for compromise with creditors a prima facie showing of debt before the court is sufficient.

Re Ortiz & Co.

Objection of Creditor—Procedure.
  2. After a debtor has invoked the jurisdiction of the court cred-
  itors are entitled to have his property administered, provided the
  : necessary costs are supplied.

Opinion filed February 20, 1919.

---

*Mr. E. Flores Colon* for the alleged bankrupt.

*Mr. Harry F. Besosa* for alleged creditor.

HAMILTON, Judge, delivered the following opinion:

The petition and schedules were filed by the alleged bankrupt
July 30, 1918, and as the petitioner is a Sociedad en Comandita
it became necessary to serve a subpœna upon the Comanditario.
The petitioner, however, did not advance funds for this pur-
pose. Meantime there had been a suit in attachment in this
court by one Wilson as a creditor, which was settled, and on
November 6, 1918, the petitioner in bankruptcy filed a mo-
tion for dismissal "by reason of having settled the accounts
privately with their creditors." Under § 59 g of the Bank-
ruptcy Act of 1898, as amended, it is provided as follows:—

"A voluntary or involuntary petition shall not be dismissed
by the petitioner or petitioners or for want of prosecution or
by consent of parties until after notice to the creditors, and to
that end the court shall, before entertaining an application for
dismissal, require the bankrupt to file a list, under oath, of all
his creditors, with their addresses, and shall cause notice to be
sent to all such creditors of the pendency of such application,

Re Ortiz & Co.

and shall delay the hearing thereon for a reasonable time to allow all creditors and parties in interest opportunity to be heard." [36 Stat. at L. 842, chap. 412, § 10, Comp. Stat. § 9643, 1 Fed. Stat. Anno. 2d ed. p. 1003.]

Notices were accordingly issued, and no one appears to oppose the application excepting one Manuel Roman Gutierrez on January 18, 1919, who alleges that he is a creditor by judgment and also by note, the two aggregating $784, and that he has been omitted from the schedules of the bankrupt.

1. Ordinarily proof of claims is made before the referee, but in this case there has been no adjudication and therefore no reference to the referee, and cannot be until service of the silent partner. The law contemplates that a bankrupt may settle with his creditors before adjudication, and the motion to dismiss claims that this has been done. It would seem to be a case of arguing in a circle,—the creditors cannot establish their claim as such until after adjudication, and yet the bankrupt is allowed to settle with his creditors before adjudication. It is evident, therefore, that some other proof of debt must be recognized in such a case than that by proof before the referee after reference and other than by being listed by the bankrupt in his schedules. A prima facie showing before the court must be made, and that would seem to be all that is necessary at present. The verified affidavit of Gutierrez would seem to amount to a prima facie showing that he is a creditor, and therefore entitled to the protection of the court.

2. The statute is silent as to what course should be pursued if the court sustains the objection of a creditor, but certainly creditors are not invited into court for no purpose. If invited to oppose the motion for discharge, it must be with the view

that if they make a proper showing a discharge will be denied. It has been held that a voluntary petition is itself an act of bankruptcy. Re Forbes, 11 Am. Bankr. Rep. 787, 791. A voluntary bankrupt will not be permitted to withdraw his petition over the objection of his creditors, because he could not obtain a discharge. After a debtor has invoked the jurisdiction of the court, creditors are entitled to have his property administered. Re Smith, 19 Am. Bankr. Rep. 63; Re Tully, 19 Am. Bankr. Rep. 604. It is true that if necessary costs, for instance, for service of the silent partner, are not advanced, the case might have to be dismissed for want of prosecution, but the jurisdiction of the court having been acquired, and the creditor being recognized as a party, the cause will proceed if either bankrupt or creditor advances these preliminary costs.

It would seem, therefore, that the proper course in such a case as the one at bar is to deny the motion to withdraw the petition and make an order that, if the necessary costs are advanced by the bankrupt or creditor within ten days, the case should follow the usual course to some final decree, and an order will be entered to that effect.

It is so ordered.